United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV, et al.,
Plaintiffs,
v.
TURKISH AIRLINES INC., et al.,
Defendants.

Case No. 26-cv-00304-JSC

**ORDER GRANTING DEFENDANT AVIANCA'S MOTION TO DISMISS, DENYING PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT AND PLAINTIFFS' VARIOUS MOTIONS**

Re: Dkt. Nos. 51, 52, 53, 55, 56

Plaintiffs Sergey Firsov and Iana Rodionova, proceeding without attorney representation, bring claims against four defendants arising out of several international flights. (Dkt. No. 1.)[1] On July 15, 2026, the Court granted three defendants' motions to dismiss, without leave to amend, and denied Plaintiffs' motion for a default judgment against the remaining defendant, Aerovias Del Continento Americano S.A. Avianca ("Avianca"). (Dkt. No. 50.) Pending before the Court are five items: Defendant Avianca's motion to dismiss; Plaintiffs' application for entry of default against Avianca; and Plaintiffs' motions to reconsider the Court's July 15, 2026 Order, to "disqualify" the Court from presiding over this case, and to transfer the case. (Dkt. Nos. 51, 52, 53, 55, 56.) For the reasons set forth below, the Court GRANTS Avianca's motion to dismiss, without leave to amend, and DENIES Plaintiffs' motions and application.

## BACKGROUND

### I. Mr. Firsov's "Abusive" Litigation Campaign Against Airlines

On June 23, 2026, after Plaintiffs filed the instant suit, Judge Chen granted a motion by a Scandinavian airline to declare Mr. Firsov a vexatious litigant and entered a pre-filing order

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

against Mr. Firsov. (*Sergey Firsov v. Scandinavian Airlines System Denmark-Norway-Sweden*, No. 25-cv-03691-EMC; Dkt. No. 113.) In that case, Mr. Firsov "complained about being served a vegetarian meal because he is a man and needs to eat meat." (*Id.* at 21.) Judge Chen noted "Mr. Firsov has filed 30 cases in this District" between March 26, 2025 and June 1, 2026. (*Id.* at 2.) All but 3 of those cases named at least one airline as a defendant and two-thirds are now closed. (*Id.*) Judge Chen recounted Mr. Firsov's "abusive" litigation tactics and frivolous allegations in his many suits against airlines, then entered an order "requir[ing] prefiling review […] where a named defendant is an airline." (*Id.* at 19-22.) "Any action filed in violation of th[e] order will be subject to sua sponte dismissal." (*Id.* at 22.)

**II. Plaintiffs' Allegations Regarding Avianca and Turkish Airlines**

Plaintiffs took several international flights throughout 2025 and 2026, beginning with a departure from San Francisco. (Dkt. No. 1 at 4-5, 14.) Plaintiffs purchased their tickets while in California. In December 2025, Plaintiffs arrived at an airport in Panama "to drop-off baggage" for a flight to Chile, but Defendant "Avianca refused" to check Plaintiffs in, "forced everyone to use ATM to bring boarding pass/baggage tag," and "refused to pickup baggage due to [Plaintiffs'] Russian passports." (*Id.* at 4 (cleaned up).) Plaintiffs pleaded with Avianca to get onto their flight, but, among other difficulties, Plaintiffs' screenshot of their booking did not have a ticket number and Plaintiffs "were not able to open [the] airline App and show [their] ticket" due to "bad internet." (*Id.* at 4-5.) During back-and-forth discussions with Plaintiffs, Avianca repeatedly "denied boarding" then "adviced [sic] to make a fake purchase of refundable ticket and 'fool' Chile." (*Id.* at 5.) "Plaintiffs showed [a] screenshot" of a "fake ticket" to Avianca "and after that Avianca allowed to board [sic]." (*Id.* at 5; *see id.* at 6-7.)

A similar incident took place nearly two weeks later, but only involving Ms. Rodionova and the now-dismissed defendant Turkish Airlines. On January 3, 2026, in Bogota, Colombia, a representative of Turkish Airlines "called [her] to came-in to check documents" and "demanded a return ticket from Kazakhstan to Russia" because her ticket was one-way. (*Id.* at 5.) The representative initially "denied boarding" and "started deboarding of baggage," which Ms. Rodionova asserts is "discriminat[ion]" due to her Russian origin. (*Id.*) Subsequently, a Russian-

speaking Turkish Airlines representative approached her and "adviced [sic] to purchase fake return ticket to 'fool' Kazakhstan." (*Id.*) Ms. Rodionova then showed a screenshot of a fake ticket and was "allowed to board" her flight. (*See id.* at 5-7.)

Plaintiffs bring 11 claims, seven of which are against Turkish Airlines and Avianca:

(1) "Delay passenger and baggage" under the 1999 Montreal Convention and the Airline Deregulatory Act of 1978 ("ADA"),

(2) "Civil rights, discrimination, fraud, integrity of board control system,"

(3) "Fraud,"

(4) "Unfair and deceptive business practices" under the ADA and California's Consumer Legal Remedies Act,

(5) "Breach of international contract,"

(6) "Intentional Infliction of Emotional Distress (IIED)," and

(11) "Covenant of good faith and fair dealing."

(*Id.* at 6-11 (cleaned up).) Plaintiffs request over $2.5 billion in punitive damages. (*Id.* at 11.)

**III. The Court's July 15, 2026 Order**

On July 15, 2026, the Court granted three defendants' motions to dismiss. (Dkt. No. 50.) As relevant here, the Court granted a motion by Turk Hava Yollario A.O. ("THY"), specially appearing on behalf of Turkish Airlines, because "[d]rawing inferences in Plaintiffs' favor, Plaintiffs have not alleged facts sufficient to support an inference the Court has general or specific personal jurisdiction over" THY or Turkish Airlines. (*Id.* at 4-5.) Dismissal was without leave to amend; the Court noted "amendment would be futile" because "Plaintiffs' opposition filings d[id] not identify any allegations that, if accepted as true, would establish personal jurisdiction over Turkish Airlines" and Plaintiffs' proposed new claims against Turkish Airlines were "frivolous." (*Id.* at 12.)

The Court also denied Plaintiffs' motion for a default judgment against Defendant Avianca. (*Id.* at 14.) The filing referred to itself as an "application for" a "default judgment." (Dkt. No. 48 at 1.) And on the docket, Plaintiffs' filing was titled "*MOTION* for Default *Judgment* by the Clerk," and Plaintiffs set the matter for a hearing before this Court. (*Id.* (capital letters in

original, emphasis added).) So, the Court denied Plaintiffs' request, referring to it as a "motion for a default judgment" and explaining how under Federal Rule of Civil Procedure 55(a), "[a] default judgment can be entered only *after* the clerk enters default." (Dkt. No. 50 at 14.)

**DISCUSSION**

Defendant Avianca moves to dismiss. (Dkt. No. 51.) Additionally, Plaintiffs (1) moves to reconsider the Court's denial of Plaintiffs' motion for a default judgment, (2) applies for entry of default, this time omitting "motion" and "judgment" from the filing's title and caption but still setting the application for a hearing before this Court, (3) moves to transfer the case to the Southern District of New York under 28 U.S.C. § 1404, and (4) moves to "disqualify" this Court under 28 U.S.C. § 455. (Dkt. Nos. 52, 53, 55, 56.)

**I. Motion to Dismiss**

Defendant Avianca, specially appearing, moves to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(2), (3), (4), (5), and (6). (Dkt. No. 51 at 1-2.) Defendant Avianca contends, among other things, this Court does not have personal jurisdiction over it. The Court agrees.

Plaintiffs bear the burden of demonstrating that the Court has jurisdiction over Defendant Avianca. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). The Court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). To make a prima facie showing, Plaintiffs "need only demonstrate facts that if true would support jurisdiction over" Defendant Avianca. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true," and inferences from those allegations "must be resolved in [Plaintiffs'] favor." *Love*, 611 F.3d at 608. But courts are "not required to accept as true conclusory allegations[.]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Courts may dismiss a complaint when "a plaintiff […] plead[s] himself out of a claim by

including […] details contrary to his claims." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law in which the district court sits." *Schwarzenegger*, 374 F.3d at 800.

> Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

*Id.* at 800–01 (cleaned up). Courts have general personal jurisdiction over a defendant engaged in "continuous and systematic general business contacts" which "approximate physical presence in the forum state," and have specific personal jurisdiction when a defendant purposefully avails itself of the privilege of doing benefits in California and Plaintiffs' claims arise out of or relate to the defendant's forum-related activities. *Id.* at 801–03.

Drawing inferences in Plaintiffs' favor, Plaintiffs have not alleged facts sufficient to support an inference the Court has general or specific personal jurisdiction over Defendant Avianca. Plaintiffs have not alleged any facts regarding Defendant Avianca's contacts with the United States, except that its address is in Florida, Plaintiffs purchased their tickets in California, and the conclusory allegation "Defendants have regular flights to/from California and doing business here." (*See* Dkt. No. 1 at 1, 4, 6; *see generally id.*) So, drawing inferences in Plaintiffs' favor, Plaintiffs do not allege facts that plausibly support an inference Avianca has "continuous and systematic" contacts which "approximate physical presence" in California. *Schwarzenegger*, 374 F.3d at 801. Moreover, Plaintiffs' allegations do not support an inference the Court has specific jurisdiction over Defendant Avianca because drawing inferences in Plaintiffs' favor, Plaintiffs' claims do not arise out of Avianca's contacts with California. Plaintiffs allege they took several international flights, but only one flight involves Avianca, and that flight routed from Colombia to Chile. (*See* Dkt. No. 1 at 4-5.) Consequently, Defendant Avianca's motion must be granted under Rule 12(b)(2).

Dismissal is without leave to amend. Plaintiffs' opposition does not address personal

jurisdiction or identify any facts it would allege if given leave to amend. (*See generally* Dkt. No. 54.) Rather, Plaintiffs assert Defendant Avianca is "incorporated" in Doral, Florida because it has an "office" there, which contradicts the sworn testimony of Defendant's employee that Defendant Avianca is incorporated in Colombia and simply uses the Doral address "as its United States mailing address." (*Id.* at 1-3; Dkt. No. 51-4 ¶ 4.) Plaintiffs also appear to admit they purchased their flight tickets from a separate company "incorporated in Bermuda," as opposed to any of Defendant Avianca's contacts in California. (Dkt. No. 54 at 3.) So, amendment would be futile because drawing inferences from those proposed allegations in Plaintiffs' favor, Plaintiffs still have not alleged facts sufficient to support an inference this Court has general or specific jurisdiction over Defendant Avianca.

Because the Court grants Defendant Avianca's motion jurisdictional grounds, the Court does not reach its remaining arguments.

**II. Motion to Reconsider and Application for Default**

Plaintiffs request the Court reconsider its denial of Plaintiffs' motion for a default judgment against Avianca, explaining they "filed application to enter default by clerks [sic]," so the Court ruled on the application "by mistake." (Dkt. No. 55 at 1.) The Court denies Plaintiffs' motion. As noted above, the Court's Order referred to Plaintiffs' request as a "motion for default judgment." (Dkt. No. 50 at 14.) Regardless of whether the Court treated Plaintiffs' request as a motion or an application, Plaintiffs' request repeatedly framed its request as one for a "judgment" against Defendant Avianca, which is improper under Federal Rule of Civil Procedure 55. In any event, Plaintiffs did not seek leave to file the motion to reconsider, in violation of this District's Local Rules; the Court's denial was without prejudice for Plaintiffs to properly apply for an entry of default; and Plaintiffs' claims against Defendant Avianca have now been dismissed, meaning an entry of default is improper. *See* N.D. Cal. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). And given an entry of default is improper, the Court denies Plaintiffs' application for entry of default.

**III. Motion to Disqualify**

Plaintiffs move to disqualify this Court from presiding over this lawsuit, citing 28 U.S.C. §

455. As relevant here, that statute provides "[a]ny […] judge […] shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. §§ 455(a), (b). Plaintiffs assert this Court is not impartial and is "bias[ed] against Plaintiffs" because it denied Plaintiffs' motion for a default judgment "without reason." (Dkt. No. 56 at 1.) Plaintiffs also contend, with no evidence, this Court "called" Defendant Avianca's attorneys "to force them to file responsive pleading [sic]." (*Id.*)

The Court denies Plaintiffs' motion. The statute does not provide a procedural vehicle for a litigant to file a motion to disqualify a judge. *See generally* 28 U.S.C. § 455. Nor will the Court disqualify itself *sua sponte*. Plaintiffs filed a procedurally improper motion for a default judgment. It is not evidence of bias for a court to deny that request, particularly given the denial was without prejudice to renewing it under the correct procedural vehicle. Nor is bias evinced by Plaintiffs' baseless accusation this Court personally "called" Defendant Avianca's attorney and "force[d] them" to respond to Plaintiffs' complaint.

**IV. Motion to Transfer**

Finally, Plaintiffs move to transfer this case to the Southern District of New York under 28 U.S.C. § 1404 because one defendant, Turkish Airlines, is "registered in New York." (Dkt. No. 52.) Given the Court already dismissed Plaintiffs' claims against Turkish Airlines–and, as of this Order, Plaintiffs' claims against every defendant–the Court denies Plaintiffs' motion. Simply put, there is no case to transfer.

**CONCLUSION**

As explained above, the Court grants Defendant Avianca's motion to dismiss and denies Plaintiffs' application for entry of judgment and motions to reconsider, disqualify, and transfer. Dismissal is without leave to amend. Given the Court has now dismissed all of Plaintiffs' claims, a separate judgment will be entered.

This Order disposes of Docket Nos. 51, 52, 53, 55, and 56.

**IT IS SO ORDERED.**

Dated: July 28, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California